**In the United States District Court
for the District of Kansas**

———————

Case No. 5:23-cr-40049-TC-1

———————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

JORDAN THOMPSON,

*Defendant*

———————

**MEMORANDUM AND ORDER**

The Government charged Defendant Jordan Thompson with two counts of assault with a dangerous weapon and one count of domestic violence. Doc. 66.[1] A jury found Thompson guilty of one count of assault with a dangerous weapon but acquitted him of the other two charges. Doc. 86. Thompson now primarily moves for judgment of acquittal, and in the alternative, for a new trial, among other things. Doc. 95. For the following reasons, Thompson's motion is denied.

**I**

**A**

**1.** "A defendant may move for a judgment of acquittal . . . within 14 days after a guilty verdict." Fed. R. Crim. P. 29(c)(1). If the defendant challenges the sufficiency of the evidence, all direct and circumstantial evidence admitted at trial, along with "reasonable inferences to be drawn from that evidence," are considered "in the light most favorable to the government." *United States v. Wyatt*, 964 F.3d 947, 952 (10th Cir. 2020) (quoting *United States v. Rufai*, 732 F.3d 1175, 1188 (10th Cir.

---

[1] All document citations are to the document and page number assigned in the CM/ECF system.

1

2013)). Conflicting evidence should not be weighed, nor witness credibility considered, "as these duties are delegated exclusively to the jury." *United States v. Coulter*, 57 F.4th 1168, 1179 (10th Cir. 2023) (quoting *United States v. Evans*, 318 F.3d 1011, 1018 (10th Cir. 2003)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). And although substantial evidence must support the verdict, "it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *Wyatt*, 964 F.3d at 952 (quoting *Rufai*, 732 F.3d at 1188).

**2.** Relief under Fed. R. Crim. P. 33 is discretionary, permitting district courts to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *see also United States v. Ybarra Cruz*, 982 F.3d 1284, 1294 (10th Cir. 2020); *United States v. Wagner*, 1232, 1254 (10th Cir. 2020). "Any motion for a new trial grounded on newly discovered evidence must be filed within [three] years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Otherwise, the motion must be filed "within [fourteen] days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

**B**

In August 2024, a grand jury returned a Superseding Indictment against Thompson. Doc. 66. It included three counts: One count of assault with a dangerous weapon against Joseph Libbrecht in a special territorial jurisdiction of the United States in violation of 18 U.S.C. § 113(a)(3), one count of assault with a dangerous weapon against his estranged wife, Jessica Haraughty, in a special territorial jurisdiction of the United States in violation of 18 U.S.C. § 113(a)(3), and one count of domestic violence against Haraughty in a special territorial

jurisdiction of the United States in violation of 18 U.S.C. § 2261(a)(1).[2] Doc. 66.

**1.** The parties tried their case to a jury over three days. The jury returned a verdict of guilty on count one and not guilty on counts two and three.

The following facts, viewed in the light most favorable to the Government, were established at trial. Thompson and Haraughty, an enlisted member of the United States Army stationed at Ft. Riley in the District of Kansas, had a troubled and tumultuous marital relationship that had largely disintegrated.[3] Thompson's suspicions about Haraughty's infidelity were frequently the focus of their disagreements.

In the days leading up to Thanksgiving in 2023, Thompson attempted to contact Haraughty about her Thanksgiving plans and his ability to get visitation with their young daughter. Haraughty was at the couple's residence on the base at Fort Riley, Kansas, and Thompson was in the couple's home in Galena, Kansas. On November 24, when Haraughty failed to call Thompson back as she committed to doing the night before, Thompson grew suspicious. He therefore asked Haraughty's neighbor to check on her. The neighbor told Thompson that he had gone to check on Haraughty and the man who answered the door indicated that Haraughty was fine.

---

[2] The identities of Libbrecht and Haraughty were previously anonymized, but both testified at the trial without any request to remain anonymous and are identified in previously filed pleadings that no party has sought to redact or file under seal. At a recent hearing, the Government expressed a preference that the anonymization continue but offered no authority compelling that course of action. As a result, their names are used in this Memorandum and Order. *Cf. Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (explaining, in a civil suit, that lawsuits are public events and that there is a presumption for identifying parties to the litigation); *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1139 (10th Cir. 2014) (rejecting Confrontation Clause argument on harmless error grounds where witness testified anonymously given safety concerns perceived by the district court); *see also* Fed. R. Crim. P. 49.1(h) (stating that a person waives protection of Rule 49.1(a) as to the person's own information by filing it without redaction or under seal).

[3] "Fort Riley is a military installation in the special territorial jurisdiction of the United States, in the District of Kansas." Doc. 45 at ¶ 1.

Thompson, a member of the Galena Police Department, called his boss, indicating that he was having problems with his wife and that he needed to go to Fort Riley instead of coming into work. Thompson and his mother left Galena and drove to Fort Riley. Thompson did not tell Haraughty that they were on their way.

Upon arrival at Fort Riley, Thompson gained access through the visitor control center. Thompson drove directly to their home on the base. Using his key to their home, Thompson entered the home unannounced and holding a Glock handgun. Haraughty, Libbrecht, and Thompson's daughter were within the home. Libbrecht and Haraughty were together on the couch while Thompson's child played on the floor. Thompson pointed the gun at or in the direction of Libbrecht and said that Libbrecht needed to leave or Thompson would shoot him. Libbrecht went upstairs to gather his things from the bedroom. Thompson also told Haraughty to pack their child's belongings and that he was taking their daughter with him. Haraughty and Libbrecht were terrified and complied with Thompson's demands.

Soon thereafter, Thompson and his mother left the residence with the child. Haraughty called the police, reporting that her child was taken and that a gun had been drawn in the residence. She also sent a text message to Thompson, suggesting that she was doing so with the knowledge that it would harm Thompson's career as a police officer. Law enforcement responded. Eventually, the Butler County Sheriff's Office located Thompson, his mother, and the child in El Dorado, Kansas. The child was then returned to Haraughty and the gun was recovered by law enforcement.

**2.** As to the three counts submitted, the jury rendered a split verdict. *See* Doc. 86. It found Thompson guilty of assault with a dangerous weapon against Libbrecht, but it found him not guilty of the two counts concerning Haraughty. *Id.* Thompson was remanded into custody and is awaiting sentencing. *See* Doc. 85 at 2–3.

During trial, Thompson orally moved for acquittal. *See* Doc. 85 at 2. That motion was taken under advisement. *See id.* Thompson then timely filed a motion, moving for judgment of acquittal under Fed. R. Crim. P. 29, and in the alternative, for a new trial and evidentiary hearing under Fed. R. Crim. P. 33, as well as a request for reconsideration of a prior order issued prior to trial. *See* Doc. 95 at 1–11.

4

## II

Thompson has not shown that he is entitled to judgment of acquittal, a new trial, an evidentiary hearing, or reconsideration of the prior order. Accordingly, his motion is denied.

### A

Thompson first requests judgment of acquittal pursuant to Fed. R. Crim. P. 29 as to the lone count of conviction. In his view, the evidence was insufficient to sustain the conviction. *See* Doc. 95 at 1–5. As discussed below, that request is denied.

**1.** Count I of the Superseding Indictment charged Thompson with assault with a dangerous weapon against Libbrecht in a special territorial jurisdiction of the United States in violation of 18 U.S.C. § 113(a)(3). Doc. 66. Section 113(a)(3) required the Government to prove beyond a reasonable doubt that Thompson either willfully attempted to inflict injury upon Libbrecht with a dangerous weapon and with the intent to do bodily harm, or in the alternative, that Thompson threatened to inflict injury upon Libbrecht with a dangerous weapon and with the intent and apparent ability to do so, thereby causing reasonable apprehension of immediate bodily harm. *See United States v. Muskett*, 970 F.3d 1233, 1241–42 (10th Cir. 2020); *see also United States v. Duran*, 127 F.3d 911, 915 (10th Cir. 1997) (describing the proof required under 18 U.S.C. § 113(a)(3)). Under either formulation, "the crime of assault with a dangerous weapon cannot be committed without the use, attempted use, or threatened use of physical force capable of causing, directly or indirectly, physical pain or injury." *Muskett*, 970 F.3d at 1242. Given that Thompson makes a "general motion for judgment of acquittal," Doc. 95 at 2, each element of the crime must be considered for sufficiency. *See United States v. Simpkins*, 90 F.4th 1312, 1317 (10th Cir. 2024).

Applying this standard, and "after viewing the evidence in the light most favorable to the prosecution," "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence presented at trial showed that Thompson threatened to inflict injury upon Libbrecht with a dangerous weapon. Haraughty, Libbrecht, and even Thompson's own mother agree that Thompson walked into the residence with a Glock handgun, pointed it at Libbrecht, and threatened to shoot Libbrecht if he did not leave. Further, the evidence showed

that Libbrecht experienced a reasonable apprehension of immediate bodily harm as required under the statute. Libbrecht testified that he was scared, that he did not want to get shot, and that he was not going to argue with someone with a pistol. Indeed, his attempted compliance with Thompson's demands—leaving the room to gather his things—supports that conclusion. This evidence, construed in light most favorable to the government, supports the jury's conclusion that Thompson was guilty of assault with a dangerous weapon. *See, e.g.*, *United States v. Viarrial*, 730 F. App'x 694, 698–700 (10th Cir. 2018) (finding no plain error in jury's conviction under 18 U.S.C. § 113(a)(3) based on evidence that Mr. Viarrial ordered seven of his children and their mother to form a line in a field and pointed a gun at them); *United States v. Marris*, No. 23-7011, 2024 WL 229556, at *3–4 (10th Cir. Jan. 22, 2024) (unpublished) (affirming the district court's denial of the defendant's motions for judgment of acquittal under 18 U.S.C. § 113(a)(3) where the defendant fired three shots at a police deputy); *United States v. Gauvin*, 173 F.3d 798, 805 (10th Cir. 1999) (contending that a conviction could stand under 18 U.S.C. § 113(a)(3) solely based on evidence that a defendant swerved his car to block approaching officers); *United States v. Bordeaux*, 570 F.3d 1041, 1047–48 (8th Cir. 2009) (finding evidence that the defendant intended to do bodily harm when he shot at a car sufficient to deny his motion for judgment of acquittal).

**2.** Thompson makes three specific arguments to the contrary. None are persuasive.

Thompson first contends the conviction cannot stand because Thompson's failure to shoot means he lacked specific intent to do bodily harm. Doc. 95 at 3–4 (reasoning this must be so, because if he had such intent, he would have done so because "nothing would have prevented him from acting on it"). That argument is inapposite: Section 113(a)(3) does not require Thompson to have acted on his intent to inflict injury to be culpable. Instead, "the crime of assault with a dangerous weapon is committed when a person . . . threatens to inflict injury upon the person of another with a dangerous weapon and with the intent and apparent present ability to do so . . . ." *Muskett*, 970 F.3d at 1241. As discussed above, the jury had sufficient evidence to find that Thompson had the requisite intent, a present ability to do so, and Libbrecht's apprehension of immediate bodily harm.

Thompson's second argument is that Libbrecht lacked a reasonable fear of immediate bodily harm, primarily because, on cross-examination, he testified that he thought that the gun was unloaded. Doc. 95

6

at 4–5. It is true that Libbrecht testified on cross-examination that he thought the gun was unloaded. But he also testified that he was scared, did not want to get shot, and that he was not going to argue with someone pointing a pistol at him. Plus, he acted on that fear when he attempted to collect his belongings after being told to get out of the residence. While it is possible the jury could have accepted the argument that Thompson offered at trial and is making in this motion for acquittal, it did not do so. In other words, there was sufficient evidence for the jury's determination that this element was satisfied based on Libbrecht's testimony and actions when confronted by Thompson. *See United States v. Flechs*, 98 F.4th 1235, 1243 (10th Cir. 2024) (explaining that a court only considers "whether a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom"). An acquittal may not be granted for, as Thompson suggests here, reweighing of the evidence presented to the jury. *See id.* ("conflicting evidence" is not to be weighed, the "fact-finding decisions of the jury" are to be left undisturbed, and deference must be given "to the jury's assessment of a witness's credibility").

And finally, Thompson's third argument is that, because the pistol was never fired, it was never used in such a way to constitute a dangerous weapon as defined by jury instruction thirteen. Doc. 95 at 5. But that argument also fails. A gun is an object with the capacity to endanger life or inflict bodily harm, and Thompson's pointing it at Libbrecht constitutes using it in a manner likely to do so. *See United States v. Viarrial*, 730 F. App'x 694, 698–700 (10th Cir. 2018) (finding no plain error in jury's conviction under 18 U.S.C. § 113(a)(3) based on evidence that Mr. Viarrial ordered seven of his children and their mother to form a line in a field and pointed a gun at them); *see also United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) (stating that, for the purposes of 18 U.S.C. § 113, a gun is an "obviously dangerous weapon").

**B**

Thompson also requests a new trial pursuant to Fed. R. Crim. P. 33 based on two newly discovered pieces of evidence. *See* Doc. 95 at 5–8. In particular, Thompson contends that both Haraughty and Libbrecht lied about their relationship with a military family they knew when they were stationed together in Texas and that Libbrecht lied about his sexual orientation. But Thompson has failed to show that the newly discovered evidence warrants a new trial or an evidentiary hearing.

**1.** In the Tenth Circuit, "[a] motion for a new trial is not regarded with favor and should only be granted with great caution." *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997). To receive a new trial based on newly discovered evidence, a defendant must show that the evidence was discovered after trial, the failure to learn of the evidence was not caused by [his or her] own lack of diligence, the new evidence is not merely impeaching but is material to the principal issues involved, and of such a nature that in a new trial it would probably produce an acquittal. *United States v. Cordova*, 25 F.4th 817, 826 (10th Cir. 2022).

Thompson explains that a defense investigator interviewed Breann McPhaul by phone after the trial had concluded. Doc. 95 at 6. Ms. McPhaul apparently stated that neither she nor her wife ever socialized with Haraughty or her friends, and that she did not know anyone at the based named "Libbrecht," "Labrecht," or anything similar as Haraughty and Libbrecht both claimed. *See* Doc. 95 at 6–7. According to Thompson, this new evidence contradicts or undermines Haraughty and Libbrecht's trial testimony that they were not engaging in a sexual relationship, meaning a new trial should be granted. *See id.*

That request is denied. Thompson did not argue or show, as required by *Cordova*, that the failure to learn of the evidence was not caused by his own lack of diligence, that the evidence is not merely impeaching, that it is material to the principal issues involved in Count I, or that it is of such a nature that in a new trial it would probably produce an acquittal. As noted, Haraughty, Libbrecht, and Thompson's own mother agree that Thompson walked into the residence with a Glock handgun, pointed it at Libbrecht, and threatened to shoot Libbrecht if he did not leave. This largely established all of the elements of the crime.

To the extent there was a dispute about the believability or likeability of either Haraughty or Libbrecht (including their relationship, if any), that was explored in significant detail at trial. Thompson pressed Haraughty at trial about her infidelity with other men during her marriage to Thompson, including Haraughty's admission that Thompson found a video on Haraughty's phone of Haraughty and another man engaging in sexual activity while she was deployed. The proposed McPhaul testimony is nothing more than additional impeachment evidence and provides nothing insofar as the critical issues of liability for the Section 113(a) conviction are concerned. For those reasons, Thompson is not entitled to a new trial based on this specific evidence.

*See, e.g.*, *United States v. McCullough*, 457 F.3d 1150, 1167–68 (10th Cir. 2006) (concluding the district court did not abuse its discretion in denying defendant's motion for a new trial where the defendant failed to satisfy one element of the standard outlined above); *see also United States v. Velarde*, 860 F. App'x 132, 137–40 (10th Cir. 2021) (applying the standard above and then holding that, since the defendant's various instances of alleged new evidence failed to meet one or more of the five elements, he was not entitled to a new trial); *United States v. Wilkinson*, 526 F. App'x 874, 879 (10th Cir. 2013) (concluding that a new trial was not warranted where the defendant failed to show, among other things, that the new evidence was not merely impeaching, nor that it was of such a nature that, were a new trial held, an acquittal would be the probable result).

Thompson also states that, after trial, a defense investigator spoke to Libbrecht's former roommate who expressed a belief that that Libbrecht was not homosexual and disputed Libbrecht's assertion that the two had a sexual relationship. *See* Doc. 95 at 7–8. The roommate's statements, according to Thompson, contradict what Libbrecht told law enforcement prior to trial, and what Libbrecht testified to during the trial, too. These contradictions, says Thompson, also necessitate a new trial. *See id.*

Again, this newly discovered information does not justify a new trial. Thompson does not show that his failure to learn of this evidence was not caused by his own lack of diligence. After all, the trial was previously postponed because prosecutors learned the night before the original trial date that Libbrecht denied having an affair with Haraughty because he claimed to be homosexual. Docs. 48 & 49. In addition, Thompson fails to convincingly argue that this witness's statement would be anything more than impeachment evidence, that it was material to the principal issue of legal culpability, or that it would probably produce an acquittal. As a result, his request for a new trial pursuant to Fed. R. Crim. P. 33 is therefore denied. *See, e.g.*, *McCullough*, 457 F.3d at 1167–68.

**2.** As part of his request for a new trial, Thompson also seeks an evidentiary hearing to explore not only the aforementioned testimony, but also the contents of Haraughty's phone. Doc. 95 at 8–11. District courts are not required to hold an evidentiary hearing before resolving a motion for a new trial, particularly when the record is complete or the movant raises only legal claims that can be resolved without the taking of additional evidence. *United States v. Velarde*, 485 F.3d 553, 559

9

(10th Cir. 2007). Given that Thompson's legal claims can be resolved without the taking of additional evidence and that the record is complete, it is unnecessary to hold an evidentiary hearing to resolve Thompson's motion for a new trial on any of the issues that he raises. *See Velarde*, 485 F.3d at 559.

## C

Thompson's third and final request centers on reconsideration and reversal of an earlier decision made in this litigation concerning a subpoena of Haraughty's phone. *See* Doc. 95 at 8–11. In particular, Thompson's sought to search Haraughty's phone for two categories of information: "data for all messages sent between" Haraughty's phone and Libbrecht between June 1, 2022, and July 23, 2024, Doc. 53 at 2, and for "any text messages" or "any other social media messages" that include the words "Jordan," "Thompson," and Libbrecht's name, as well as any similar spellings of those names. *Id.* Following briefing and argument, Thompson was granted access to the first category of information. Doc. 64. Now, Thompson states that the "decision to greatly limit the scope of the subpoena" of Haraughty's phone should be reconsidered and reversed because she should no longer be considered a victim of the crime and Thompson should be able to explore whether Libbrecht and Haraughty were conspiring against him. Doc. 95 at 9–11.

There are several problems with this request. The first is that Thompson received by way of the subpoena the electronic communications occurring between Libbrecht and Haraughty that he sought. Doc. 64 at 6. So, if there was any collusion, it would be in Thompson's possession. And there is no indication—either from Thompson or after an initial *in camera* review of a portion of the materials that Thompson's expert did not properly filter the phone contents as Thompson seemed to suggest at a recent hearing—that anything else of evidentiary value is located on Haraughty's phone.

Second, there is no basis for a motion to reconsider. "Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure to not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 at 539.

Thompson has not alleged an intervening change in the controlling law, new evidence that was previously unavailable, or the need to correct clear error or prevent manifest injustice. *See* Doc. 95 at 9–11. That dooms his request for reconsideration. *See United States v. Maldonado-Passage*, 56 F.4th 830, 837 (10th Cir. 2022) (holding that the district court did not err when evidence was not provided that it misapprehended the facts, law, or defendant's position); *United States v. Warren*, 22 F.4th 917, 928 (10th Cir. 2022) (upholding district court's denial of a motion for reconsideration where defendant did not "brief any argument suggesting that his motion should have been granted" under this standard).

### III

For the foregoing reasons, Thompson's motion for Judgment of Acquittal and for a New Trial, Doc. 95, is DENIED.

It is so ordered.

Date: December 18, 2024        s/ Toby Crouse
                               Toby Crouse
                               United States District Judge

11